[Civ. No. 5662.   First Appellate District, Division Two.—June 25, 1928.]

DELIA M. COTTER, Respondent, v. STEPHEN A. COTTER, Appellant.

Louis J. Trabucco and James C. Walsh for Appellant.

H. Raymond Hall for Respondent.

STURTEVANT, J.—This is an action to quiet title. Delia M. Cotter, the surviving wife, commenced the action against Mary McKeever, as executrix of the estate of the deceased husband, David Cotter, and also against Stephen A. Cotter and certain fictitious defendants. In her complaint the plaintiff claimed an undivided one-half interest in the property in dispute. Mary McKeever appeared and answered. She set forth denials of all the allegations in the plaintiff's complaint and she alleged affirmatively that the property described in the plaintiff's complaint was the separate property of the decedent and from the date of the purchase in 1875 remained his property down to the date of his death. Stephen A. Cotter appeared and answered and in his answer he set forth the same denials and alleged affirmatively that he was the owner in fee of the property. A trial was had in the trial court before the court sitting without a jury. The trial court made findings in favor of the plaintiff and against Mary McKeever. In doing so it found that the property was community property, that the surviving wife was the owner of one-half thereof, and that Mary McKeever, as executrix, had no right, title, or interest in or to said one-half interest. From a judgment entered on

the said findings Mary McKeever has not appealed. The trial court also found that Stephen Cotter had no right, title, or interest in the said undivided one-half interest so found to be vested in the plaintiff, and it also found that a purported deed by David Cotter to Stephen A. Cotter was never delivered and that Stephen A. Cotter was never the owner of the property described or any part thereof. From a judgment entered on said findings Stephen A. Cotter has appealed.

On this appeal Stephen A. Cotter presents several points, one of which is that the finding that the deed above mentioned was never delivered is not sustained by the evidence. If he is mistaken in this contention it becomes unnecessary to discuss the other points presented in his brief. We have carefully examined the transcript. The facts regarding delivery or nondelivery may be stated briefly. On the twelfth day of February, 1922, David Cotter was a patient in a hospital at Hayward. Pursuant to appointment there. met in his room in the hospital on that day, Frank H. Arb, Mary McKeever, William T. Knightly, and Stephen A. Cotter. Frank H. Arb was an attorney at law and notary public. Mary McKeever was a life-long friend of the decedent and Stephen A. Cotter. William T. Knightly was a representative of the Bank of Italy, with which institution the decedent transacted business, and he was a friend of the decedent and of Stephen A. Cotter. The person last mentioned is a son of the plaintiff and the decedent and at the time of the trial was an adult of the age of forty-four years or thereabouts. Each one of those persons was examined and cross-examined regarding the execution of the deed and what was thereafter done with it. There was no dispute but what the decedent signed and acknowledged it. There was no dispute but what the decedent stated to his attorney that he did not want to part with the title during his lifetime. There was no evidence produced to the effect that the decedent made any manual delivery or that he gave any direction to the effect that the deed should be taken possession of by anyone. There was some evidence to the effect that care should be taken of it. There was some evidence to the effect that Stephen A. Cotter had the deed in his hands, and the same may be said regarding Mary McKeever, Frank H. Arb, and William T. Knightly. From

the moment of its execution, or very soon thereafter, the deed was deposited with William T. Knightly of the Bank of Italy and was by him placed with other papers including decedent's will and some bonds which the Bank of Italy held as the gratuitous depositary of the decedent. All of those papers, including the deed, were so held till after the death of David Cotter. Under these facts the finding that there was no delivery to Stephen A. Cotter was entirely correct. As no deed was delivered to him, no estate vested in Stephen A. Cotter. It is therefore immaterial, so far as this appeal is concerned, whether the property was community or separate property.

The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.